## EDGAR HAYS v. STATE.

185 So. 329.

Opinion Filed December 21, 1938.

T. H. Getzen, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Tyrus A. Norwood, Assistant Attorney General, for the State.

BUFORD, J.—This case is before us in rather an unusual manner.

Plaintiff in error has filed a motion asking this Court to examine the record and read the testimony and instructions of the court given the jury and asserts that the court will find the evidence insufficient on which a valid conviction could be based and also that the instructions given in the lower court will be found erroneous.

The State, through the office of the Attorney General, made the following endorsement on the motion:

"The defendant in error without admitting error exists in the above cause, has no objection to the court reading and

examining the record filed herein and making such order and decree as may be just and proper."

Defendant was convicted under an information charging that,

· "Edgar Hays of the County of Pasco and State of Florida, on the 22nd day of May in the year of our Lord, one thousand nine hundred thirty-seven, in the county and State aforesaid, did then and there unlawfully attempt to ravish one and carnally know and abuse the person of one June Woods, a female person under the age of ten years, and the said Edgar Hays made such attempt by loosening the belt of the pajamas of the said June Woods, and by pulling her pajama pants down and placing his male sexual organ against the female sexual organ of said June Woods, and the said Edgar Hays made said attempt as aforesaid with the intent then and there to ravish and carnally know the person of said June Woods; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

The alleged victim of the assault was a little girl between seven and eight years old. She testified, after showing she was qualified, as a witness. The testimony, if believed by the jury, was entirely sufficient to establish the guilt of the accused and, aside from this, her testimony is corroborated by facts and circumstances which, when taken into consideration with the little girl's testimony were amply sufficient to warrant the jury in returning a verdict of guilty.

We find no reversible error in the instructions of the trial court to the jury and, therefore, the judgment should be, and is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.